IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hamdy Alex Abou-Hussein *a/k/a Alex Abou-Hussein* | ) )   No. 2:14-cv-02597-RMG |
| Plaintiff, | ) ) ) |
| vs. | ) **ORDER** ) ) |
| Raymond Edwin Mabus, Jr., *Secretary of the United States Department of Navy*; Unknown Naval Criminal Investigative Services Agents, | ) ) ) ) ) |
| Defendants. | ) ) ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 67), recommending that Defendant Mabus' motion to dismiss, (Dkt. No. 42), be granted and that the claims against unknown NCIS agents be dismissed *sua sponte*. For the reasons stated below, the Court adopts the R & R, grants Defendant Mabus' motion, and dismisses the claims against unknown NCIS agents *sua sponte*.

## I. Background

This action was originally filed in the United States District Court for the District of Columbia. On July 17, 2013, United States District Judge Reggie Walton dismissed all claims against Defendant Mabus except Plaintiff's Title VII discrimination claim. (Dkt. No. 17). This discrimination claim against Defendant Mabus and Plaintiff's RICO claim against unknown NCIS agents was then transferred to this Court on the same date. (*Id.*). Plaintiff appealed Judge Walton's decision to the United States Court of Appeals for the District of Columbia. (Dkt. No.

19). The appeal was dismissed for lack of jurisdiction, and Plaintiff's petition for writ of mandamus was denied. (Dkt. No. 24).

After transfer to the District of South Carolina, Defendant Mabus filed a motion to dismiss Plaintiff's discrimination claim for failure to exhaust administrative remedies. (Dkt. No. 42). This matter was automatically referred to a Magistrate Judge pursuant to Local Civil Rule 73.02(B) (D.S.C.). The Magistrate Judge recommends granting Defendant Mabus's motion to dismiss for failure to exhaust administrative remedies and because Plaintiff has abandoned the claim. (Dkt. No. 67 at 8-9). The Magistrate Judge also recommends dismissing the remaining claims against unknown NCIS agents *sua sponte* as preempted by the Civil Service Reform Act (CSRA). (*Id.* at 9-14). Plaintiff filed objections to the R & R, (Dkt. No. 74), and this matter is ripe for review.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

### III. Discussion

#### A. Defendant Mabus' Motion to Dismiss

Plaintiff's objections, like his Complaint, are difficult to decipher. However, it does not appear that Plaintiff objects to the Magistrate Judge's findings that he failed to exhaust his administrative remedies before pursuing a Title VII claim or that he has abandoned this claim. (*See* Dkt. No. 74). The only objection the Court can discern concerning Mabus' motion to dismiss is Plaintiff's quotation of Rule 12(g)(2), which states

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(Dkt. No. 74 at 5). This rule does not bar the instant motion to dismiss. Defendant Mabus' first motion to dismiss, filed when the case was still pending in the District Court for the District of Columbia, also argued that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 7 at 10-16). Thus, this argument was not omitted from Defendant's earlier motion. Furthermore, motions to dismiss for lack of subject matter jurisdiction are exempted from this rule. *See* Fed. R. Civ. P. 12(g)(2) (exempting motions under Rule 12(h)(3)); Fed. R. Civ. P. 12(h)(3) (regarding motions to dismiss for lack of subject matter jurisdiction). "[A] failure by the plaintiff to exhaust

administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

The Court agrees that Plaintiff has failed to allege exhaustion and that he has repeatedly abandoned this claim in his filings with the Court. Therefore, the Court adopts the R & R on this point and grants Defendant Mabus' motion to dismiss.

## B. Claims against Unknown NCIS Agents

Plaintiff alleges that unknown NCIS agents conspired to frame him criminally and wrote false reports to the General Counsel for the Navy that Plaintiff was plotting a terrorist shooting attack.[1] (Dkt. No. 1 at ¶¶ 27, 55i; *see also* Dkt. No. 74 at 14). The District Court for the District of Columbia construed the Complaint as asserting a single RICO cause of action against unknown NCIS agents. (*See* Dkt. No. 17 at 2). Plaintiff contends he also asserts claims under the Privacy Act, *Bivens*, the APA, and the False Claims Act. (*See* Dkt. No. 74 at 15-24). The Magistrate Judge found that Plaintiff's RICO claim, *Bivens* claim, and FCA claim were preempted by the CSRA. (Dkt. No. 67 at 9-14). The Magistrate Judge also found that Plaintiff failed to state a claim for relief under the APA. (*Id.* at 14-15). The Privacy Act claim appears to be raised for the first time in Plaintiff's objections.

### 1. RICO Claim

The Magistrate Judge found that because any injuries alleged by Plaintiff are inextricably linked to his federal employment, the CSRA preempts Plaintiff's RICO claim. (Dkt. No. 67 at 9-13). Plaintiff does not appear to object to the fact that the CSRA preempts claims where

---

[1] The Magistrate notes each specific allegation against NCIS agents in the R & R. (*See* Dkt. No. 67 at 5-6).

-4-

Plaintiff's alleged injuries are related to his federal employment in the civil service, (*see* Dkt. No. 74), and the Court agrees. *See, e.g., LeBlanc v. United States*, 50 F.3d 1025, 1030 (Fed. Cir. 1995) ("The CSRA superseded preexisting remedies for all federal employees . . . for all types of personnel action within its scope.").

However, in his objections, Plaintiff asserts that he has non-employment related injuries resulting from the alleged conspiracy: (1) that he was an FBI informant and has lost his "FBI private contracting business" as a result of the conspiracy, (2) that he has potentially been included on a terrorist watch list, and (3) that he has a "lifestyle of constant guardedness under the death threats made against plaintiff." (Dkt. No. 74 at 9, 18, 20).

As to Plaintiff's status as an FBI informant, he alleges that he was not paid but "volunteered" for the FBI. Specifically, Plaintiff alleges that "Plaintiff could not collect payment as a contractor for the FBI . . . because he ha[d] become a civil servant by then, and so the FBI asked plaintiff to seek a waiver from DON to be paid as a contractor. Plaintiff offered FBI instead to work as an unpaid volunteer, in order to keep his affiliation secret from Navy's corrupt officials . . ." (Dkt. No. 1 at ¶ 26). Thus, by Plaintiff's own allegations, he has not suffered any injury "to his business or property" as is required to state a RICO claim. *See* 18 U.S.C. § 1964(c); *Dickerson v. TLC The Laser Eye Ctr. Inst., Inc.*, 493 F. App'x 390, 394 (4th Cir. 2012).

Similarly, Plaintiff's allegations that he has potentially been included on the terrorist watch list and has a "lifestyle of constant guardedness" does not constitute injury to "business or property" cognizable under RICO. *See Bast v. Cohen, Dunn & Sinclair, PC*, 59 F.3d 492, 495 (4th Cir. 1995) (holding that "extreme mental anguish" and "[a]n allegation of personal injury

-5-

and pecuniary losses occurring therefrom" does not meet the statutory requirement of injury to business or property).

### 2. FCA Retaliation Claim

"A successful claim for retaliation under § 3730(h) requires that the plaintiff establish three basic elements: (1) he engaged in 'protected activity' by acting in furtherance of a qui tam suit; (2) his employer knew of these acts; and (3) his employer took adverse action against him as a result of these acts." *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013). However, "a federal employee, stands on different footing than a privately employed citizen when it comes to an FCA retaliation claim." *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1139 (M.D. Fla. 2012) *aff'd*, 517 F. App'x 664 (11th Cir. 2013). The CSRA preempts, and provides remedies, for such retaliation claims. *Id.*

Again, Plaintiff does not dispute that the CSRA preempts claims that his federal employer acted in retaliation, but argues that the "CSRA does not apply to the loss of private sector employment or business." (Dkt. No. 74 at 22). While this statement is true as far as it goes, an FCA retaliation claim can only lie against an employer, contractor or someone in a similar relationship with Plaintiff. *E.g., Hodnett v. Louisiana*, No. 02-CV-2206, 2010 WL 3790807, at *4 (W.D. La. Aug. 23, 2010); *see also* 31 U.S.C. § 3730(h)(1) ("Any ***employee, contractor, or agent*** shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against ***in the terms and conditions of employment . . .***") (emphasis added). Plaintiff has not alleged that he is an employee, contractor, or agent of the unknown NCIS agents; therefore, an FCA retaliation claim cannot lie against them.

### 3. *Bivens* Claim

The Magistrate Judge found that because any *Bivens* claims against unknown NCIS agents arise out of Plaintiff's employment with the federal government, they are preempted by the CSRA. (Dkt. No. 67 at 14). Plaintiff agrees that the CSRA preempts claims based on "personnel decisions" but argues that "terrorism allegations are not recognized as 'personnel decisions.'" (Dkt. No. 74 at 18). The Court finds that Plaintiff has failed to allege a constitutional violation.

Plaintiff essentially alleges that unknown NCIS agents have falsely accused him of terrorist activities. But Plaintiff has not alleged that he has been arrested or that any other actions have been taken against him as a result of these allegedly false allegations, only that unknown NCIS agents wrote false reports to the General Counsel for the Navy. "[T]he Constitution does not forbid libel and slander." *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995); *see also Stordahl v. Harrison*, 542 F. Supp. 721, 723 (E.D. Va. 1982) ("Slander or defamation in and of itself does not implicate a liberty or property interest so as to be cognizable under the Fourteenth Amendment or 42 U.S.C. s 1983."). "[T]hus allegations of defamation, i.e. libel and/or slander, alone, do not suffice to form a § 1983 claim that is cognizable in a federal court." *Boyd v. Angelica Textile Servs. Inc.*, No. CA 3:12-334-JFA-PJG, 2012 WL 2260235, at *4 (D.S.C. May 18, 2012) *report and recommendation adopted*, No. CA 3:12-334-JFA, 2012 WL 2237167 (D.S.C. June 15, 2012), *aff'd*, 491 F. App'x 425 (4th Cir. 2012).

"Defamation is only actionable under § 1983 or *Bivens* if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or protected by the Constitution." *Id.* Again, Plaintiff has not alleged that he has been arrested or

that this allegedly false report to the General of the Navy was accompanied by the lost of a right or status guaranteed by law.[2] Thus, he has failed to state a claim.

### 4. Privacy Act Claim

Plaintiff raises for the first time in his objections to the R & R that he can state a Privacy Act claim against unknown NCIS agents. (Dkt. No. 74 at 15-17). Plaintiff claims that the unknown NCIS agents violated the Privacy Act "by a retaliatory open-ended criminal investigation creating falsehoods in plaintiff's records (spying and terrorism); by disclosing information to third parties without plaintiff's consent; and by refusing to disclose to him information collected about him." (*Id.* at 16).

"The Privacy Act limits the kind of information that can be collected or disclosed by government agencies and provides a private cause of action against an agency for violating the Act's provisions." *Wheeler v. Gilmore*, 998 F. Supp. 666, 668 (E.D. Va. 1998). However, "an agency is the only proper defendant under the Act and, therefore, individuals may not be named as defendants in such actions." *Id.*; *see also* 5 U.S.C. § 522a(g)(1)("[T]he individual may bring a civil action ***against the agency***.") (emphasis added); *Leitgeb v. S. Carolina Dep't of Motor Vehicles*, No. CA 7:10-2989-TMC, 2011 WL 5878157, at *4 n.4 (D.S.C. Nov. 23, 2011) ("[T]he proper defendant in a Privacy Act action is an agency and not individual employees."). Thus,

---

[2] Again, to the extent the allegedly false reports resulted in the loss of his federal employment or other employment action, the *Bivens* claim cannot lie, and Plaintiff's remedy is with the CSRA. *See, e.g., Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000) ("Because the CSRA constitutes a comprehensive set of procedural and substantive provisions governing the rights of federal employees, it would be inappropriate to supplement that regulatory scheme with a [Bivens] remedy.").

Plaintiff cannot state a Privacy Act claim against unknown NCIS agents, and this claim must be dismissed.

### 5. APA Claim

The Magistrate Judge found that Plaintiff's claim for declaratory and injunctive relief under the APA must fail because he has failed to state what declaratory relief is sought and the only claim for injunctive relief was resolved by the District Court for the District of Columbia and not transferred to this Court. (Dktr. No. 67 at 14-15). Plaintiff does not object the Magistrate Judge's finding regarding injunctive relief, but argues that "a threat of arrest requires a declaratory judgment" and that "a threat of plaintiff's extrajudicial detention or commitment to a mental health institution in the Soviet tradition, similarly requires a declaratory judgment." (Dkt. No. 74 at 21-22).

The Supreme Court has held that where a prosecution has been threatened, but is not pending, under a state criminal statute, an individual can challenge the constitutionality of that statute in a federal declaratory action. *See Steffel v. Thompson*, 415 U.S. 452 (1974). However, Plaintiff has not articulated what statute he has been "threatened" with, alleged that such a statute is unconstitutional, or alleged any connection between the APA and his alleged "threat of arrest." Plaintiff has simply not pled sufficient factual content to state a claim for relief "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, any such claim must be dismissed.

The Court agrees with the Magistrate Judge that allowing discovery for Plaintiff to attempt to identify the unknown NCIS agents would be futile, as he has failed to state a claim against these agents.

## C. Purported Sealed Filings

In his objections, Plaintiff spends considerable space alleging that the government has provided documents to the Court under seal, that he has not seen, and that the Magistrate Judge violated the Federal Rules and Local Civil Rule 5.03 (D.S.C.) by not docketing and giving notice of a motion to seal. (Dkt. No. 74 at 1-7).

While the case was pending before the United States District Court for the District of Columbia, Defendant Mabus filed a motion for leave to file one exhibit, Exhibit 17 to his motion to dismiss, under seal. (Dkt. No. 11). Exhibit 17 was a 2007 settlement agreement with Plaintiff of an earlier EEOC claim. (*Id.*; *see also* Dkt. No. 1 at ¶ 35). This motion to seal was publically docketed and served on Plaintiff electronically. (Dkt. No. 11). The district court granted the motion to seal on November 9, 2012, and Exhibit 17 was filed under seal. (Dkt. No. 12). Plaintiff received electronic service of this document at his hotmail email address. (*See* ECF Notice for Dkt. No. 12). No other documents have been filed under seal in this action.

The document at Dkt. No. 12 was an exhibit to Mabus' first motion to dismiss before the United States District Court for the District of Columbia. First, Plaintiff was served electronically with this document. (*See* ECF Notice for Dkt. No. 12). Second, this a settlement agreement ***signed by Plaintiff***, as he admits in his complaint. (*See* Dkt. No. 1 at ¶ 35). Thus, he has certainly seen the document. Finally, this document was not considered by this Court in its ruling on Mabus' instant motion to dismiss. Plaintiff's allegations in Paragraph 35 of his complaint, that his 2007 EEOC claim was settled is the basis for the Court's determination that his current Title VII claim is a different claim, and Plaintiff has not alleged exhaustion of this

new claim. Therefore, the Court finds that Plaintiff has not raised any issue that requires further action by the Court.

### IV. Conclusion

For the reasons stated above, the Court ADOPTS the R & R, (Dkt. No. 67), as an Order of the Court. For the reasons stated in the R & R and for the reasons stated above, Defendant Mabus' motion to dismiss, (Dkt. No. 42), is **GRANTED**, and the Court *sua sponte* **DISMISSES** the claims against unknown NCIS agents. Accordingly, this action is **DISMISSED WITH PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

September 3, 2015
Charleston, South Carolina